**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-2155-WJM-CBS

RAYMOND LYALL,
GARRY ANDERSON,
THOMAS PETERSON,
JERRY RODERICK BURTON,
FREDRICK JACKSON,
BRIAN COOKS,
WILLIAM PEPPER,
CHRISTOPHER FARRELL, and
KRYSTAL MCEVOY,

    Plaintiffs,

v.

CITY OF DENVER, a municipal corporation;
MICHAEL B. HANCOCK, in his official capacity as mayor of the City of Denver;
ROBERT C. WHITE, in his official capacity as Chief of Police for the City of Denver;
JOSE CORNEJO, in his official capacity as Public Works Manager for the City of Denver;
EVAN DREYER; in his official capacity as the Mayor's Chief of Staff; and,
ANTONIO LOPEZ, in his official capacity as a Denver Police Commander,

    Defendants.

**ORDER GRANTING MOTION TO DISMISS INDIVIDUAL DEFENDANTS SUED ONLY IN THEIR OFFICIAL CAPACITIES**

Before the Court is the Official Capacity Defendants' Motion to Dismiss. (ECF No. 61.) The "Official Capacity Defendants" comprise all of the Defendants except Denver itself. These Defendants, all of whom are Denver employees, correctly note that "'[a] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same.' *Watson v. City of Kansas City*, 857 F.2d 690, 695 (10th Cir. 1988)." (ECF No. 61 at 3 (alteration in original).) The Official Capacity

Defendants therefore ask that the claims against them be dismissed as duplicative of the claims asserted against Denver.[1]

Plaintiffs' response—really Plaintiffs' counsel's response—is unique, to say the least. In relevant part, it reads:

> Our system depends on private attorneys and firms looking out their office windows and not turning their backs on what they see. But it costs money not to turn your back. When a private attorney takes on a large scale civil rights case like this one, the actual and opportunity costs exceed six figures.
>
> No one takes on cases like this for money, but if we do reach a point where attorney's fees are recouped pursuant to *Lodestar* and 42 U.S.C. § 1988, then the Court will review the performance, *i.e.* whether liability was found.
>
> Taking declaratory judgement [*sic*], for example, the dismissal of [the Official Capacity Defendants], would result in fewer potential findings of liability and thus less attorney's fees, which would disincentivize private attorneys and firms from representing the poor.
>
> Plaintiffs are seeking declaratory judgment against these Defendants for good reason, *i.e.* they are the ones engaged in the Homeless Sweeps. There is an art to crafting effective declaratory judgement and dismissing these Defendants would take the paint brush, or the quill, from the Court's hands. There is a meaningful real-world difference between issuing declaratory judgment against only the City *versus* issuing declaratory judgment against the City *and* the Police Department *and* the Department of Public Works, etc.

(ECF No. 63 ¶¶ 1–4 (citations omitted; emphasis in original).)

There is simply no authority to support this position. The Court would be

---

[1] After the Official Capacity Defendants filed the motion at issue here, Plaintiffs filed a motion to amend their complaint. (*See* ECF No. 69.) That motion to amend does not moot the Official Capacity Defendants' current motion because Plaintiffs' proposed amended complaint still names the Official Capacity Defendants as defendants in their official capacities only.

committing error to award greater attorneys' fees based on the fact that a plaintiff prevailed against indisputably redundant parties.  As for "real-world difference," an injunction against Denver would be binding on *all* of its departments.  That would seemingly be better than an injunction against specific departments—assuming this Court could even issue an injunction against discrete departments, which is highly questionable.

If Plaintiffs' counsel means to say that dismissal of the Official Capacity Defendants will deprive him of the publicity value of having a large number of Denver officials subject to an injunction order of this Court, that concern has no legal significance.

Accordingly:

1. The Official Capacity Defendants' Motion to Dismiss (ECF No. 61) is GRANTED; and

2. The Clerk and parties shall amend the caption and all future filings in this case to reflect that Defendants Michael B. Hancock, Robert C. White, Jose Cornejo, Evan Dreyer, and Antonio Lopez are DISMISSED in all capacities.

Dated this 8th day of March, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge