**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:16-cv-2155-WJM-SKC

RAYMOND LYALL, on behalf of himself and all other similarly situated, et al.,

     Plaintiffs,

v.

CITY AND COUNTY OF DENVER,

     Defendant.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR ORDER REGARDING
DATES AND INCIDENTS AT ISSUE FOR TRIAL AND MOTION TO AMEND THE
FINAL PRETRIAL ORDER**

---

     Plaintiffs, by and through their attorneys Jason Flores-Williams, and David A. Lane and Andy McNulty of KILLMER, LANE & NEWMAN, LLP, hereby submit the following Response to Defendant's Motion for Order Regarding Dates And Incidents At Issue For Trial and Motion to Amend the Final Pretrial Order, and in support, state as follows:

1. **Introduction**

     At the outset, Plaintiffs state simply that they wish this Court to order that: Plaintiffs be allowed to present at trial (1) evidence relating to the sweeps outlined in the Final Pretrial Order, (2) evidence relating to a sweep that occurred on July 9, 2018 (which only recently came to light but is extremely probative of both the ongoing nature of the sweeps and that they are customary), and (3) evidence solicited from Denver officials about the ongoing nature of the sweeps and plans for future sweeps. Plaintiffs believe these parameters allay any concern by Denver that it will be subject to "trial by ambush."

1

Plaintiffs move to, both, clarify the dates they wish to present evidence of at trial and amend the Final Pretrial Order to allow one witness who filmed the July 9, 2018 sweep, Guillermo Roques Escolar, and one exhibit, the video of the July 9, 2018 sweep, to be added to the Final Pretrial Order.

## 2. **Factual and Procedural Background**

The core issue in this lawsuit has never been a moving target: Plaintiffs seek to hold Denver accountable for its custom, policy, and practice of unconstitutionally seizing, without due process, the property of Plaintiff Class during, what has come to be known as, the homeless sweeps.[1] At the time of the filing of the Complaint, Plaintiffs included the incidents during sweeps they knew of where Denver officials' seizure of their property had, up to that point, violated their constitutional rights. [Doc. #1]. Included in the Complaint were sweeps that occurred on October 24, 2015, December 15, 2015, March 8, 2016, March 9, 2016, July 13, 2016, and a sweep during the week of August 20, 2016. *Id.* After the filing of the Complaint, and through the discovery process, it came to light through the discovery process that there were other incidents wherein Denver seized (and discarded) Plaintiffs property without due process of law. When these incidents came to light, Plaintiffs disclosed them.

---

[1] In its motion, Denver defines Plaintiffs' claims far too narrowly. Plaintiffs not only seek to hold Denver accountable for summarily discarding some of their property, but also for seizing property that was not destroyed or discarded without due process of law. The factual and legal authority for Plaintiffs' claims is laid out in their Amended Complaint and, more thoroughly, in their Motion for Summary Judgment. [Doc. #54]; [Doc. #124].

Plaintiffs disclosed the identity of Rafael Blanes, and his experience during the pipe town sweep[2] that occurred along the Platte River in August 2016 and on September 19, 2016,[3] in a supplemental disclosure and declaration that was sent to Denver in May 2017. **Exhibit 1**, *Declaration of Rafael Blanes*; **Exhibit 2**, *Plaintiffs' Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1)*. And the incidents that occurred on March 8, 2016, March 9, 2016, March 25, 2016, July 13, 2016, November 15, 2016, and November 28, 2016, were explored in-depth during depositions conducted by Denver and were included in Plaintiffs' summary judgment briefing. [Doc. #124].

In response to Plaintiffs inclusion in the summary judgment briefing of incidents not outlined in the Complaint, Denver moved to strike evidence of those incidents. [Doc. #137]. This Court denied that motion and held that "all alleged sweeps, whenever they happened, are relevant" to Plaintiffs' claim that "Denver [has a custom, practice, or policy] of engaging in the Homeless Sweeps" in violation of Plaintiffs' constitutional rights and considered evidence of sweeps not outlined in the Complaint in denying Denver's motion for summary judgment. [Doc. #167], p. 13.

Since the summary judgment briefing, Plaintiffs learned of additional dates on which Denver conducted unconstitutional sweeps of Plaintiff Class Members' property. Plaintiffs

---

[2] Pipe town was a community of homeless individuals along the South Platte River that contained a number of abandoned cement pipes that its residents used for shelter. Chris Walker, *Homeless Sweeps Now Targeting Denver's Most Hidden Encampments*, WESTWORD, (September 21, 2016) https://www.westword.com/news/homeless-sweeps-now-targeting-denver-s-most-hidden-encampments-8332582.

[3] Mr. Blanes declares that the first pipe town sweep occurred on August 20, 2016, but continued on September 19, 2016. The declaration gave Denver sufficient notice that this sweep would be relied upon in support of Plaintiffs' claims and Denver has been aware of the date when the pipe town sweep occurred because their officials conducted that sweep. Denver will have the opportunity to cross-examine Mr. Blanes about this at trial.

learned that a sweep occurred on June 1, 2017, and immediately disclosed that incident, and the witnesses who would testify regarding it, in a supplemental disclosure pursuant to Fed. R. Civ. P. 26. **Exhibit 3**, *Plaintiffs' Second Supplemental Disclosures Pursuant to Fed.R.Civ.P. 26(e)(1)*. Denver now has the opportunity to depose these witnesses and will be doing so at the beginning of September. Denver has received the opportunity to discover information from these witnesses as they normally would through the course of discovery.

All of the above sweeps (and the witnesses who have testimony regarding those sweeps) were disclosed prior to the entry of the Final Pretrial Order. [Doc. #173]. And, in the Final Pretrial Order, Plaintiffs stated that evidence of all sweeps since 2015 (and even post-dating the Final Pretrial Order) would prove their claims. *Id.*, pp. 4-6. The Final Pretrial Order also listed a number of specific sweeps as probative, including December 15, 2015, March 8, 2016, March 9, 2016, July 13, 2016, September 19, 2016, November 15, 2016, November 28, 2016, June 1, 2017, November 13, 2017, and December 5, 2017. *Id.*, p. 5.

Since the entry of the Final Pretrial Order, Denver has conducted more sweeps involving ten or more Denver officials. Plaintiffs recently learned that Denver conducted one such sweep, which violated Plaintiff Class Member's constitutional rights, on July 9, 2018.[4] Plaintiffs have disclosed a video of this sweep and the individual who witnessed (and filmed) the sweep to Denver in an official Fed. R. Civ. P. 26 disclosure. **Exhibit 4**, *Plaintiffs' Third Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26(e)(1)*. Plaintiffs wish to introduce this probative evidence at trial.

3. **Rebuttal of Denver's Procedural History And Factual Allegations**

---

[4] The video of this sweep can be viewed online and is available to the public. *City Destroys All Of Homeless Person's Property*, YOUTUBE, https://www.youtube.com/watch?v=7xQVJulQpaA.

The Court did not ask for briefing as to whether evidence regarding the sweeps that were outlined in Plaintiffs' summary judgment motion and listed in the Final Pretrial Order can be introduced at trial. This Court has already decided that issue. [Doc. #167], pp. 13-14; [Doc. #177]. And Denver should not be allowed to relitigate it, for the reasons discussed *infra*. Instead, this Court asked for briefing on how to proceed with future, and ongoing, sweeps performed by Denver. Plaintiffs have a simple solution to this plan: only allow evidence of sweeps that have been disclosed up to this point in time. This would allay Denver's concerns of "trial by ambush" while still allowing Plaintiffs meet their evidentiary burden of establishing that Denver's unconstitutional conduct during the sweeps was pursuant to a custom, policy, and practice, and not just the one-off actions of rogue Denver employees.

To the extent Denver's motion complains about the number of sweeps Plaintiffs plan to present evidence regarding at trial, Denver only has itself to blame for the growing evidence that it is violating the Plaintiff Class' constitutional rights. Had Denver stopped sweeping the property of the Plaintiff Class upon the filing of this lawsuit or even earlier, when it was on notice of the unconstitutionality of the sweeps, there would not be the amount of incidents that go toward proving the claims of the Plaintiff Class.

Denver asserts that only three dates have been subject to factual development in the usual course of discovery. This is false. Denver itself factually developed the other incidents through the depositions of multiple members of the Plaintiff Class. And Denver has now been granted the opportunity to depose the listed witnesses as to the June 1, 2017 sweep. To say that the other dates listed in the final pretrial order haven't been subject to factual development is not only disingenuous, it's blatantly false.

Finally, Denver states in its motion that Plaintiffs continue to "come up" with incidents. Plaintiffs reject the implication of this phrasing. Denver is causing the continued violation of Plaintiffs constitutional rights by seizing, and discarding, Plaintiffs belongings. Denver is in complete control as to whether additional incidents relevant to the claims in this lawsuit occur, yet continues to violate the constitution. Plaintiffs are not "coming up" with incidents; Denver is causing them directly.

4. **Argument**

> 4.1 **The manifest injustice standard does not apply to all of the incidents that were disclosed prior to, and included in, the Final Pretrial Order.**

With regard to the incidents included in the Final Pretrial Order, and the witnesses who have testimony regarding those incidents, Plaintiffs do not seek to amend, either expressly or constructively, the Final Pretrial Order. As Denver acknowledges, the utilization of evidence at trial from incidents included in the Final Pretrial Order, and disclosed prior to the entry of the Final Pretrial Order, is not subject to Fed. R. Civ. P. 16(e). [Doc. # 179], pp. 6-7. Fed. R. Civ. P. 16(e) only applies when a party seeks to modify the Final Pretrial Order. The "manifest injustice" standard simply does not apply to the incidents included in the Final Pretrial Order.

> 4.2 **This Court has already held that Plaintiffs were not required to amend their Complaint to include all dates on which sweeps occurred.**

Denver asks this Court to review Plaintiffs inclusion of sweeps prior to the entry of the Final Pretrial Order under the standard outlined in Fed. R. Civ. P. 16; in other words, the standard applied when a plaintiff moves to amend the complaint after the joinder/amendment deadline outlined in the scheduling order has lapsed. [Doc. #179], pp. 6-7. Denver argued at the summary judgment stage that the evidence of sweeps not alleged specifically in the Amended Complaint was an attempt to constructively amend the complaint. Plaintiffs submitted briefing in

opposition.[5] And this Court rejected Denver's argument. [Doc. #167]. [6] This Court said it best in its Order on Pending Motions regarding Plaintiffs use of evidence relating to dates not listed in the Amended Complaint:

> Plaintiffs have not inserted new theories of liability of new claims for relief through which they hope to be awarded damages. They have instead asserted evidence that they believe demonstrates what they sought to prove in the first place – an ongoing pattern or practice of unconstitutional sweeps that should be enjoined.

[Doc. #167], pp. 13-14. The "law of the case" doctrine compels this Court to remain consistent with its prior rulings, despite Denver's attempt to re-litigate this issue. Under the law of the case doctrine, "once a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case." *Arizona v. California*, 460 U.S. 605, 618-19, (1983); *United States v. Monsivais*, 946 F.2d 114, 115-16 (10th Cir. 1991).[7] This Court has already ruled that

---

[5] *See* [Doc.#148]. It is well settled that "evidence need not be pleaded." *United States ex rel. Mikes v. Straus*, 853 F. Supp. 115, 117 (S.D.N.Y. 1994); *see also In re: Whitaker*, 2014 WL 1329363 (Bankr. N.M. Mar. 28, 2014) (stating that "a complaint need not 'include specific evidence [or] factual allegations in addition to those required by Rule 8'") (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2nd Cir .2010); *E.E.O.C. v. Peoplemark, Inc.*, 732 F.3d 584, 619 (6th Cir. 2013) (holding that a complaint "need not include evidence").

[6] Denver never filed a motion to reconsider and, therefore, has waived any objection it had to this Court's ruling.

[7] Denver also raises the issue of the witnesses Plaintiffs included in the Final Pretrial Order, despite the fact that this Court already ruled on that issue. [Doc. #177], p. 2. Specifically, the Court held that the witnesses Plaintiffs listed as may call witnesses, who had not been deposed yet by Denver, would be made available for deposition and, if they appeared at their deposition, would be permitted to testify at trial. *Id.* While counsel for Denver that drafted the motion in front of this Court, Geoffrey Klingsporn, was not at counsel table during that hearing, he was present in the gallery. Therefore, counsel for Denver knows that this Court has already decided this issue, yet, again, raises it with the Court in this motion (and, not as would be more appropriate, in a motion to reconsider). This continued relitigation of this issue strikes at the heart of the rationale behind the "law of the case" doctrine: "to promote both judicial efficiency and the public policy that litigation should come to an end, and the doctrine is designed to quickly resolve disputes by preventing continued reargument of issues already decided." *Farmers Home Admin. v. Buckner (In re Buckner)*, 218 B.R. 137, 142 (10th Cir. BAP 1998); *see also* 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 4478 (1981) (stating that the purpose of the "law of the case" doctrine is to

Plaintiffs introduction of evidence of other sweeps is not an attempt to amend the complaint. [Doc. #167]. Therefore, the Fed. R. Civ. P. 16 standard is not the appropriate standard for determining whether evidence of the sweeps on the dates listed in the Final Pretrial Order should be allowed to be presented at trial.

### 4.3 Plaintiffs disclosed each date listed in the Final Pretrial Order in compliance with Fed. R. Civ. P. 26.

The obligation to supplement a Fed. R. Civ. P. 26 initial disclosure is "only necessary when the omitted or after-acquired information has not otherwise been made known to the other parties during the discovery process." 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2049.1 (3d ed. 2010) (internal quotation marks omitted); Fed. R. Civ. P. 26(e)(1)(A). Thus, "there is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery." *Id.*; *see also Sealy v. Gruntal & Co.*, No. 94-CV-7948, 1998 U.S. Dist. LEXIS 15654, 1998 WL 698257, at *2 (S.D.N.Y. Oct. 7, 1998) ("Since the identities of seven of these individuals were disclosed in deposition testimony, together with at least some information about their potential significance, plaintiff cannot demonstrate a clear-cut violation of [Fed. R. Civ. P. 26] with respect to them.").

Possible penalties for violating Rule 26 include sanctions, the authorization of additional depositions, and preclusion, though "[p]reclusion is a 'harsh remedy' that 'should only be imposed in rare situations.'" *Lujan v. Cabana Mgmt.,* 284 F.R.D. 50, 68 (E.D.N.Y. 2012) (quoting *Izzo v. ING Life Ins. & Annuity Co.*, 235 F.R.D. 177, 186 (E.D.N.Y. 2005)). "Because

---

"maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit"). Plaintiffs ask that this Court apply the "law of the case" doctrine and give any argument raised by Denver related to the witnesses included in the Final Pretrial Order short-shrift.

refusing to admit evidence that was not disclosed during discovery is a drastic remedy, courts will resort to preclusion only in those rare cases where a party's conduct represents *flagrant bad faith* and callous disregard of the Federal Rules of Civil Procedure." *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 417 (S.D.N.Y. 2011) (quotations omitted) (emphasis in original); *see Sealy*, 1998 U.S. Dist. LEXIS 15654, 1998 WL 698257, at *3 ("In any event, with respect to each of the eight witnesses, there are remedial measures far less drastic than preclusion that would protect plaintiff from any conceivable unfair prejudice. Specifically, plaintiff may be authorized to conduct depositions of each of these individuals, if she so chooses . . . .").

As this Court found during the summary judgment briefing the dates of March 8, 2016, March 9, 2016, March 25, 2016, July 13, 2016, November 15, 2016, and November 28, 2016, were explored in-depth during depositions conducted by Denver and, therefore, "made known to [Denver] during the discovery process[.]" *Id.*; [Doc. #167], pp. 12-14. This Court, in its Order on the parties' cross-motions for summary judgment, denied Denver's request that the Court not consider any incidents not alleged in the Amended Complaint. [Doc. #167], pp. 12-14. In doing so, it stated "[a]ll alleged sweeps, whenever they happened, are relevant" to two questions: (1) whether Denver has a custom, policy, or practice of sweeping Plaintiff Class members in violation of their constitutional rights and (2) whether such sweeps are likely to recur such that Plaintiffs have standing to seek a permanent injunction. *Id*. Like the issue of whether these events required that the Complaint be amended, the "law of the case" doctrine mandates that this Court follow its previous ruling, consider these incidents properly disclosed, and not allow Denver to relitigate this issue. *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.').

Further, like the dates of March 8, 2016, March 9, 2016, March 25, 2016, July 13, 2016, November 15, 2016, and November 28, 2016, Plaintiffs made know to Denver that the sweep on September 19, 2016, would be used to support Plaintiffs' claims. Plaintiffs disclosed the identity of Rafael Blanes, and his experience during the pipe town sweep that occurred along the Platte River on September 19, 2016,[8] in a supplemental disclosure and declaration that was sent to Denver in May 2017. **Exhibit 1**, *Declaration of Rafael Blanes*; **Exhibit 2**, *Plaintiffs' Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1)*.

Finally, as soon as Plaintiffs were made aware of a sweep that occurred on June 1, 2017, they disclosed the witnesses that could testify as to that sweep through a disclosure in compliance with Fed. R. Civ. P. 26. **Exhibit 3**, *Plaintiffs' Second Supplemental Disclosures Pursuant to Fed.R.Civ.P. 26(e)(1)*. Denver will now have the opportunity to depose those individuals who have information related to this sweep. [Doc. #177], p. 2.

*Llewellyn v. Allstate Home Loans, Inc.*, supports the notion that Plaintiffs fulfilled their requirements under Fed. R. Civ. P. 26. 795 F. Supp. 2d 1210 (D. Colo. 2011), aff'd in part, rev'd in part on other grounds, 711 F.3d 1173 (10th Cir. 2013). In *Llewellyn*, the defendants moved to strike a declaration offered by the plaintiff in response to the defendants' motion for summary judgment. That declaration had been signed by the plaintiff's accountant, an individual who had not been formally disclosed under Rule 26(a)(1) as a fact witness or disclosed in the plaintiff's discovery responses. In denying the motion to strike, the court noted that the accountant had been a topic of questioning during the plaintiff's deposition and that defense counsel specifically had asked the plaintiff about "a produced document that had been previously created [by the

---

[8] Mr. Blanes declares that the pipe town sweep occurred on August 20, 2016, but it also continued on September 19, 2016.

accountant] for purposes of the litigation." *Id.* The court emphasized that defense counsel "knew during [p]laintiff's deposition that [the accountant] had discoverable information related to [p]laintiff's purported damages." *Id.* at 1220. Similarly, here, Plaintiffs made it clear they would present evidence regarding the above-outlined sweeps, through direct testimony during depositions, the disclosure of declarations, and formal Fed. R. Civ. P 26 disclosures. Plaintiffs have complied with their requirements under Fed. R. Civ. P. 26 and "made known" to Denver that they would be using evidence related to each sweep listed in the Final Pretrial Order to prove their claims.

### 4.4 **Any failure to comply with Fed. R. Civ. P. 26 was substantially justified or harmless.**

Even if this Court determines that Plaintiffs violated Fed. R. Civ. P. 26(a) and/or (e), Plaintiffs should still be allowed to present evidence of the sweeps listed in the Final Pretrial Order. The Court has broad discretion in determining whether failure to disclose in accordance with Fed. R. Civ. P. 26(a) is justified. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). When determining whether to allow evidence that was not disclosed in accordance with Fed. R. Civ. P. 26(a), "the court should consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002). Each of these factors weigh in favor of a finding that any failure by Plaintiffs to disclose any of the incidents in the Final Pretrial Order was substantially justified and harmless.

### 4.4(a) <u>Defendant is not prejudiced by the timing of the disclosure of the incidents identified in the Final Pretrial Order.</u>

As outlined above, each of the incidents was disclosed prior to the entry of the Final Pretrial Order. And Denver has had, and will have, plenty of time to prepare for testimony regarding each incident. There are over eight months until trial. *Compare Moss v. Feldmeyer*, 979 F.2d 1454, 1459 (10th Cir. 1992) (finding that where "[disputing party] had over two weeks to prepare for [one disputed witness's] cross-examination and eight days to prepare for [the other disputed witness's] cross-examination" the disputing party was not prejudiced by the late disclosure), *with Smith v. Ford Motor Co.*, 626 F.2d 784, 788-89 (10th Cir. 1980) (finding no ability to cure when opposing party given only eleven minutes to prepare cross-examination of surprise witness). Denver has even been given the opportunity by this Court to depose witnesses in connection with the June 1, 2017 sweep.

Testimony regarding the incidents outlined in the Final Pretrial Order should, therefore, be no surprise to Denver and Denver will not be prejudiced by allowing testimony about the incidents outlined in the Final Pretrial Order at trial.

4.4(b) <u>Any prejudice to Denver has been cured.</u>

Even if Denver is somehow prejudiced by the timing of the disclosure of the incidents outlined in the Final Pretrial Order, which (as noted above) is debatable at best, any prejudice to Denver has been cured. This Court has re-opened discovery and permitted Denver to depose those individuals who were listed as witnesses in Plaintiffs' Final Pretrial Order that Denver has not yet deposed. Denver will be able to gather further information from members of the Plaintiff Class about the remaining incidents listed in the Final Pretrial Order. And, Denver has always had the ability to speak to *their own officials and employees* who carried out the sweeps on the listed dates. Additionally, Denver will have the opportunity to cross-examine each witness at trial.

       **4.4(c)** <u>Allowing testimony regarding the incidents outlined in the Final Pretrial Order to be presented at trial will not substantially disrupt this litigation.</u>

There is no potential for disruption of the trial in this matter. The trial in this case has been set for March 18, 2019, over eight months from today. Given the length of time between now and a possible trial date, Defendant has more than ample time to investigate the facts surrounding the listed incidents (and will be able to do so in multiple depositions this Court has allowed Denver to take within the next two months).

Moreover, these incidents should not be news to Denver. Denver itself ordered the sweeps on these occasions. They were performed by its own employees. It seems unlikely that Denver would be unable to determine what happened during these sweeps from its own employees.

Because the trial date in this matter is not in jeopardy and Defendant has more than ample time to investigate, allowing evidence relating to the incidents outlined in the Final Pretrial Order to be presented at trial would not disrupt this litigation.

       **4.4(d)** <u>Plaintiffs did not act in bad faith.</u>

As set forth above, the circumstances surrounding the disclosure of these witnesses and the evidence clearly show that there was no bad faith or otherwise improper conduct in Plaintiffs' disclosure of the incidents listed in the Final Pretrial Order. And Denver does not allege that Plaintiffs acted in bad faith.

       **4.4(e)** <u>If this Court finds the factors weigh in Denver's favor, lesser sanctions than striking evidence relating to the incidents listed in the Final Pretrial Order is appropriate.</u>

Even when witnesses have not been disclosed in the *pretrial order* and are disclosed within weeks of trial, exclusion of those witnesses' testimony "is <u>not</u> <u>required</u> under Rule 37 as a sanction[.]" *United States EEOC v. Caterpillar, Inc.*, 2004 U.S. Dist. LEXIS 18528, *25 (N.D.

Ill. Sept. 14, 2004) (emphasis added). Although Fed. R. Civ. P. 37(c)(1) is written in mandatory terms, it also vests the court with discretion to impose "other appropriate sanctions" in addition to or in lieu of an order striking witnesses or evidence not properly disclosed. *See Woodworker's Supply, Inc.*, 170 F.3d at 993 (recognizing that Fed. R. Civ. P. 37(c) vests broad discretion with the trial court); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that the district court's discretion should be given particularly wide latitude in imposing sanctions under Fed. R. Civ. P. 37(c)(1)); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico,* 248 F.3d 29, 34 (1st Cir. 2001) (holding that district courts have broad discretion in meting out Fed. R. Civ. P. 37(c) sanctions for Fed. R. Civ. P. 26 violations).

  If the Court finds that any failure to disclose was not substantially justified and harmless, the Court should impose lesser sanctions than a complete bar to the admission of the evidence in order to allow the case to proceed to trial on the merits. *Harvey v. United States*, 2005 U.S. Dist. LEXIS 31109, *43 (D. Colo. 2005) (citing *Scott v. IBM Corp.*, 196 F.R.D. 233, 247 n. 9 (D.N.J. 2000) (noting that exclusion of evidence under Rule 37(c) is not appropriate unless the resulting prejudice cannot be cured)). In the alternative, the Court could order that discovery be reopened such that Defendant can conduct any necessary discovery related to these witnesses. *Harvey*, 2005 U.S. Dist. LEXIS 31109 at *43-44 (citing *Comuso v. AMTRAK*, 1998 U.S. Dist. LEXIS 18054, *2 (E.D. Pa. 1998) (holding that the importance of the excluded testimony is also an important final consideration in considering Rule 37(c) sanctions)). As the trial in this matter is not scheduled until March, this is a reasonable alternative. And the Court has already done this by allowing Denver to depose a number of witnesses related to one of the incidents listed in the Final Pretrial Order.

4.4(f) <u>The evidence relating to the incidents listed in the Final Pretrial Order may be introduced at trial as rebuttal evidence.</u>

Finally, even if this Court upholds the exclusion of evidence relating to the incidents listed in the Final Pretrial Order from Plaintiffs' case-in-chief, Plaintiffs may offer this evidence as rebuttal evidence at trial. *See Burks v. Okla. Publ'g Co.*, 81 F.3d 975, 980 (10th Cir. 1996) (rebuttal witnesses may be called regardless of whether they are listed within terms of pretrial order); *Roberts v. Roadway Express*, 149 F.3d 1098, 1108 (10th Cir. 1998) (stating that party was not unfairly prejudiced by allowance of testimony at trial "in light of the – presumptively correct- characterization of the [disputed witnesses] testimony as rebuttal."); *Grove Fresh Distributors, Inc. v. New England Apple Prods. Co.*, 969 F.2d 552, 559-60 (7th Cir. 1992) (holding that there was no unfair prejudice in allowing witness not listed in pretrial order because district court "carefully limited . . . testimony to rebuttal topics"). As such, Plaintiffs may offer this evidence to "explain, repel, counteract, or disprove evidence of the adverse party." *United States v. Harris*, 557 F.3d 938, 942 (8th Cir. 2009); *United States v. Finis P. Ernest, Inc.*, 509 F.2d 1256, 1263 (7th Cir. 1975), *cert. denied*, 423 U.S. 893 (1975). At the very least, complete exclusion of evidence relating to the incidents outlined in the Final Pretrial Order is unwarranted.

### 4.5 **Plaintiffs should be allowed to amend the Final Pretrial Order to present evidence of the sweep that occurred on July 9, 2018.**

Less than one month ago, and after the entry of the Final Pretrial Order, another sweep occurred that provides probative evidence that Denver continues to customarily sweep Plaintiffs' belongings in violation of the Fourth and Fourteenth Amendments. On July 9, 2018, ten or more Denver officials trashed, on video, an entire shopping cart full of one of Plaintiff Class Members' belongings. Plaintiffs ask that this Court allow them to amend the Final Pretrial Order to add the videographer who witnessed the sweep, and his video, so that they may be presented

15

at trial to prove Denver's ongoing custom, policy, and practice of violating Plaintiffs' constitutional rights. Absent amendment, Plaintiffs will suffer manifest injustice.

The Tenth Circuit has said that the pretrial order "is a procedural tool to facilitate the trial of a lawsuit on its merits and not to defeat it on a technicality. We must not allow ourselves to construe the pre-trial order in the spirit of common law pleading." *Century Refining Co. v. Hall,* 316 F.2d 15, 20 (10th Cir. 1963). Pursuant to Fed. R. Civ. P. 16(e), a Pretrial Order may be modified "to prevent manifest injustice." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208-10 (10th Cir. 2002). While "[o]nce formalized pretrial orders should not be changed lightly. . . total inflexibility is undesirable." Advisory Comm. Note to Fed. R. Civ. P. 16(e).

Overall, Plaintiffs' request to modify the Final Pretrial Order falls in line with the instances where courts within the Tenth Circuit have found that amendment is necessary to prevent manifest injustice. Courts within the Tenth Circuit tend to grant amendments that are: (1) filed before trial has begun or is imminent, (2) do not seek to change the movant's theory of its case after discovery has closed, (3) do not seek to avoid prior rulings or otherwise show bad faith by the movant, and (4) the amendment could not have been anticipated prior to the filing of the Final Pretrial Order. That is certainly the case here.

The trial in this matter is over 9 months away. Other courts have required amendment even when trial was much more imminent. *Palace Expl. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1117-18 (10th Cir. 2003) (abuse of discretion in denying addition of claim asserted seventeen days before trial; defendant could have sought continuance); *Rush v. Speedway Buick Pontiac GMC, Inc.*, 525 F. Supp. 2d 1265, 1280 (D. Kan. 2007) (allowing amendment to add a defense because it would "ensure ... full and fair litigation" and trial was "still more than one month away"). And courts have consistently held that when there is an opportunity for further

discovery prior to trial, amendment is justified. *Thomas v. Am. Family Ins.* Co., No. 14-cv-2819-PAB-NYW, 2016 U.S. Dist. LEXIS 18349, 2016 WL 614467, at *3 (D. Colo. Feb. 16, 2016) (allowing amendment to add a report published after the final pretrial order, on which the movant's expert wished to rely; there was sufficient time for the opposing party to conduct discovery before trial); *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1255 (10th Cir. 2011) (abuse of discretion to not permit plaintiff to obtain substitute expert where trial had already been vacated for other reasons).

Additionally, Plaintiffs proposed additions do not change their theory of the case. Since day one Plaintiffs have sought the unconstitutional customs, policies, and practices of Denver in their execution of the sweeps. *Genesis Health Clubs, Inc. v. LED Solar & Light Co.*, 639 F. App'x 550, 557 (10th Cir. 2016) (denying amendment where proposed amendment after discovery would entirely change plaintiff's theory of damages and there was no mention of newly discovered evidence or any other good reason for the plaintiff's late change of mind).

Moreover, Plaintiffs' proposed amendment does not seek to avoid prior rulings or otherwise indicate bad faith in any way. *Port-A-Pour, Inc. v. Peak Innovations, Inc.*, No. 13-cv-01511-WYD-BNB, 2016 U.S. Dist. LEXIS 194120, 2016 WL 7868814, at *2-3 (D. Colo. June 29, 2016) (allowing amendment in part to permit removal of a stipulation based on recent discovery, but denying amendments that were potentially attempts "to evade my previous rulings"). In fact, this Court has yet to rule on the sweeps that Plaintiffs may present evidence of at trial (and that is the purpose of this motion), so there is no evidence that Plaintiffs are attempting to circumvent this Court's previous decisions.

Finally, Plaintiffs' amendment could not have been anticipated prior to entry of the Final Pretrial Order. The Final Pretrial Order in this case was entered on May 4, 2018. The incident

Plaintiffs wish to add occurred on July 9, 2018. In a similar case, the Tenth Circuit in *Davey* found abuse of discretion in the district court's denial of a motion to add an affirmative defense that was made possible by a Tenth Circuit case decided after the pretrial order. 301 F.3d at 1204. It is clear from precedent that Plaintiffs' request to amend the Final Pretrial Order is consistent with the cases where the Tenth Circuit, and lower courts within the Tenth Circuit, have found that manifest injustice would result absent amendment.

Even when examining each *Koch* factor (which this Court is not required to do), it is clear that they weigh in favor of amendment. The Tenth Circuit has explained that, when reviewing a decision by the district court to deny a request to amend the pretrial order, it will consider: (1) the extent of prejudice or surprise to the nonmoving party if the amendment were permitted; (2) the ability of that party to cure any prejudice; (3) disruption to the litigation by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order. *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222, n.10 (10th Cir. 2000) (noting that the factors are only applied by the Tenth Circuit to assess an abuse of discretion and that a district court is not required to consider each factor). Each of these factors weighs in favor of allowing Plaintiffs to amend the Final Pretrial Order.

### 4.5(a) There will be little surprise, or prejudice, to Denver should Plaintiffs be permitted to amend.

Denver itself caused the recent sweep of Plaintiffs' property that occurred on July 9, 2018. It should not be surprised by the actions of its own employees, which were undertaken pursuant to Denver's customs, policies, and practices. There is no surprise that this incident occurred or that it would be included in this lawsuit.

Further, "the timing of the motion in relation to the commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise."

18

*Palace Expl. Co.*, 316 F.3d at 1117. The trial in this matter is over eight months away. This factor weighs in favor of amendment.

### 4.5(b) <u>Any prejudice to Denver can be cured.</u>

"With respect to the second factor—whether the prejudice can be cured—this factor is contingent, in part, on whether there is a need to re-open discovery." *Scavetta v. King Soopers, Inc.*, Civil Action No. 10-cv-02986-WJM-KLM, 2013 U.S. Dist. LEXIS 83307, at *7 (D. Colo. June 13, 2013). In this case, discovery is still open. The parties are currently working to set depositions in the beginning of September. And, Denver likely does not even need to undergo any discovery regarding the July 9, 2018 sweep. They are in possession of the video (which was disclosed to them). Their employees are the ones who perpetrated the sweep, and they can interview them freely outside of a deposition. Any prejudice to Denver can certainly be cured.

### 4.5(c) <u>Amendment will not disrupt the litigation by including a new issue.</u>

Plaintiffs do not include any new issue in their amendment. Rather, they wish to include further evidence proving an issue: that Denver has a custom, policy, and practice of seizing, and destroying, Plaintiff Class Members' property without due process of law in violation of their constitutional rights. Moreover, the Tenth Circuit has analyzed the third *Koch* factor as regarding disruption of an ongoing trial, not merely disruption of the current schedule. *Davey*, 301 F.3d at 1211-1212. In this case, there is no disruption of an ongoing trial. In fact, there are almost nine months until the trial in this matter. This factor weighs in favor of allowing amendment.

### 4.5(d) <u>The amendment is not sought in bad faith.</u>

Plaintiffs, and their counsel, could not have anticipated that Denver would conduct a sweep on July 9, 2018, in which a number of Denver employees trash one Plaintiff Class Member's belongings in broad daylight. Plaintiffs do not seek to amend the Final Pretrial Order

in bad faith, or as a hide-the-ball tactic; they genuinely had no way of knowing prior to the entry of the Final Pretrial Order about the sweep that was to occur on July 9, 2018.

Because every *Koch* factor weighs in favor of amendment, and Plaintiffs would suffer manifest injustice absent amendment, Plaintiffs ask that this Court allow Plaintiffs to amend the Final Pretrial Order to list Guillermo Roques Escolar as witness and the video he filmed of the July 9, 2018 sweep as an exhibit, and to allow Plaintiffs to present his testimony at trial.

5. **Conclusion**

In conclusion, "litigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits." *Enos-Martinez v. Bd. of Cty. Comm'rs*, Civil Action No. 10-cv-00033-WJM-DLW, 2012 U.S. Dist. LEXIS 44460, at *4 (D. Colo. Mar. 30, 2012) (Martinez, J.). Denver seeks to preclude an abundance of evidence that is admissible, and helpful to this Court in determining whether: (1) Plaintiffs have standing; (2) Denver violated the constitutional rights of the Plaintiff Class; and (3) Denver violated Plaintiff Class' constitutional rights customarily. Plaintiffs respectfully request that this Court enter an Order that only limits the presentation of the evidence by Plaintiffs' affirmative witnesses to those incidents outlined in the Final Pretrial Order (inclusive of the amendment requested in this motion) and allows Plaintiffs to examine Denver officials regarding further incidents and plans for enforcement of the sweeps for the purpose of establishing Plaintiffs' standing to seek a permanent injunction.

Respectfully submitted this 8th day of August 2018.

Jason Flores-Williams, Esq.
1851 Bassett St., #509
Denver, Colorado 80202
Phone: 303-514-4524
Email: Jfw@jfwlaw.net

20

KILLMER, LANE & NEWMAN, LLP


/s/ Andy McNulty
David A. Lane
Andy McNulty
1543 Champa Street, Suite 400
Denver, Colorado 80202
(303) 571-1000
(303) 571-1001 Facsimile
dlane@kln-law.com
amcnulty@kln-law.com

*Attorneys for Plaintiff Class*


## CERTIFICATE OF SERVICE

I certify that on this 8th day of August 2018 I filed a true and correct copy of this **PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR ORDER REGARDING DATES AND INCIDENTS AT ISSUE FOR TRIAL AND MOTION TO AMEND THE FINAL PRETRIAL ORDER** via CM/ECF which will generate notice to the following via e-mail:

Wendy J. Shea
Conor D. Farley
Geoffrey C. Klingsporn
Cristina Peña Helm
Denver City Attorney's Office
Litigation Section
201 W. Colfax Ave.
Denver, CO 80203
wendy.shea@denvergov.org
conor.farley@denvergov.org
geoffrey.klingsporn@denvergov.org
cristina.helm@denvergov.org


s/ Charlotte Bocquin Scull
Paralegal