IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-2155-WJM-SKC

RAYMOND LYALL, on behalf of himself and all other similarly situated, et al.,

    Plaintiffs,

v.

CITY AND COUNTY OF DENVER,

    Defendant.

## MOTION TO AMEND THE FINAL PRETRIAL ORDER

Plaintiffs, by and through their attorneys Jason Flores-Williams, and David A. Lane and Andy McNulty of KILLMER, LANE & NEWMAN, LLP, hereby submit the following Motion to Amend the Final Pretrial Order, and in support, state as follows:

1. **Introduction and Factual Background**

Plaintiffs' continue to seek to hold Denver accountable for its seizure and destruction of its homeless residents' property in an attempt to sweep them out of the city. In service of that end, Plaintiffs identified in the Final Pretrial Order a number of instances during which Denver violated Plaintiffs constitutional rights by conducting sweeps of Plaintiffs (and their property) with ten or more Denver officials. Plaintiffs plan to present evidence of these sweeps at trial.

Since the entry of the Final Pretrial Order, Denver has conducted more sweeps involving ten or more Denver officials. Plaintiffs recently learned that Denver conducted one such sweep, which violated Plaintiff Class Member's constitutional rights, on July 9, 2018. On July 9, 2018, ten or more Denver officials trashed, on video, an entire shopping cart full of one of Plaintiff Class Members' belongings. Plaintiffs have disclosed a video of this sweep and the individual

1

who witnessed (and filmed) the sweep, Guillermo Roques Escolar, to Denver in an official Fed. R. Civ. P. 26 disclosure. **Exhibit 1**, *Plaintiffs' Third Supplemental Disclosures Pursuant to Fed. R. Civ. P. 26(e)(1)*. The video of this sweep, which has been disclosed to Denver, is also available to the public online. *City Destroys All Of Homeless Person's Property*, YOUTUBE, https://www.youtube.com/watch?v=7xQVJulQpaA. Plaintiffs wish to introduce this probative evidence at trial. Plaintiffs ask that this Court allow them to amend the Final Pretrial Order to add the videographer who witnessed the sweep, and his video, so that they may be presented at trial to prove Denver's ongoing custom, policy, and practice of violating Plaintiffs' constitutional rights.

Plaintiffs previously asked this Court to amend the Final Pretrial Order to include this sweep in their briefing on the issue of what dates and incidents would be able to be presented at trial in this matter. [Doc. #181]. This Court struck that portion of Plaintiffs' motion, with leave to refile as a separate motion. [Doc. #183]. Plaintiffs are now re-filing that portion of their motion in compliance with the Court's Order. *Id.*

2. <u>**Argument**</u>

    2.1 **Plaintiffs should be allowed to amend the Final Pretrial Order to present evidence of the sweep that occurred on July 9, 2018.**

A little over one month ago, and after the entry of the Final Pretrial Order, another sweep occurred that provides probative evidence that Denver continues to customarily sweep Plaintiffs' belongings in violation of the Fourth and Fourteenth Amendments. Absent amendment to allow Plaintiffs to present evidence of this sweep at trial, Plaintiffs will suffer manifest injustice.

The Tenth Circuit has said that the pretrial order "is a procedural tool to facilitate the trial of a lawsuit on its merits and not to defeat it on a technicality. We must not allow ourselves to construe the pre-trial order in the spirit of common law pleading." *Century Refining Co. v.*

*Hall,* 316 F.2d 15, 20 (10th Cir. 1963). Pursuant to Fed. R. Civ. P. 16(e), a Pretrial Order may be modified "to prevent manifest injustice." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208-10 (10th Cir. 2002). While "[o]nce formalized pretrial orders should not be changed lightly. . . total inflexibility is undesirable." Advisory Comm. Note to Fed. R. Civ. P. 16(e).

Overall, Plaintiffs' request to modify the Final Pretrial Order falls in line with the instances where courts within the Tenth Circuit have found that amendment is necessary to prevent manifest injustice. Courts within the Tenth Circuit tend to grant amendments that: (1) are filed before trial has begun or is imminent, (2) do not seek to change the movant's theory of its case after discovery has closed, (3) do not seek to avoid prior rulings or otherwise show bad faith by the movant, and (4) are filed when the amendment could not have been anticipated prior to the filing of the Final Pretrial Order. That is certainly the case here.

The trial in this matter is over 8 months away. Other courts have required amendment even when trial was much more imminent. *Palace Expl. Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1117-18 (10th Cir. 2003) (abuse of discretion in denying addition of claim asserted seventeen days before trial; defendant could have sought continuance); *Rush v. Speedway Buick Pontiac GMC, Inc.*, 525 F. Supp. 2d 1265, 1280 (D. Kan. 2007) (allowing amendment to add a defense because it would "ensure ... full and fair litigation" and trial was "still more than one month away"). And courts have consistently held that when there is an opportunity for further discovery prior to trial, amendment is justified. *Thomas v. Am. Family Ins.* Co., No. 14-cv-2819-PAB-NYW, 2016 U.S. Dist. LEXIS 18349, 2016 WL 614467, at *3 (D. Colo. Feb. 16, 2016) (allowing amendment to add a report published after the final pretrial order, on which the movant's expert wished to rely; there was sufficient time for the opposing party to conduct discovery before trial); *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1255 (10th Cir. 2011) (abuse

of discretion to not permit plaintiff to obtain substitute expert where trial had already been vacated for other reasons). There is certainly time for further discovery in this matter; in fact, Denver is currently conducting additional discovery pursuant to this Court's order. [Doc. #177].

Additionally, Plaintiffs proposed additions do not change their theory of the case. Since day one Plaintiffs have sought the unconstitutional customs, policies, and practices of Denver in their execution of the sweeps. *Genesis Health Clubs, Inc. v. LED Solar & Light Co.*, 639 F. App'x 550, 557 (10th Cir. 2016) (denying amendment where proposed amendment after discovery would entirely change plaintiff's theory of damages and there was no mention of newly discovered evidence or any other good reason for the plaintiff's late change of mind). Introducing the evidence related to the July 9, 2018, sweep does not change Plaintiffs' theory of the case. The July 9, 2018 sweep was conducted by 10 or more Denver officials. It involved the summary destruction of Plaintiff Class Members' property. It falls squarely within Plaintiffs' theory of the case.

Moreover, Plaintiffs' proposed amendment does not seek to avoid prior rulings or otherwise indicate bad faith in any way. *Port-A-Pour, Inc. v. Peak Innovations, Inc.*, No. 13-cv-01511-WYD-BNB, 2016 U.S. Dist. LEXIS 194120, 2016 WL 7868814, at *2-3 (D. Colo. June 29, 2016) (allowing amendment in part to permit removal of a stipulation based on recent discovery, but denying amendments that were potentially attempts "to evade my previous rulings"). In fact, this Court has yet to rule on the sweeps that Plaintiffs may present evidence of at trial (and that is the purpose of this motion), so there is no evidence that Plaintiffs are attempting to circumvent this Court's previous decisions. *See* [Doc. #177]; [Doc. #179]; [Doc. #181].

Finally, Plaintiffs' amendment could not have been anticipated prior to entry of the Final

Pretrial Order. The Final Pretrial Order in this case was entered on May 4, 2018. The incident Plaintiffs wish to add occurred on July 9, 2018, more than a month after the entry of the Final Pretrial Order in this case. The sweep was unannounced and Plaintiffs, and their counsel, had no way of knowing prior to the entry of the Final Pretrial Order that another sweep was going to occur on July 9, 2018, or the details of that sweep. In a similar case, the Tenth Circuit in *Davey* found abuse of discretion in the district court's denial of a motion to add an affirmative defense that was made possible by a Tenth Circuit case decided after the pretrial order. 301 F.3d at 1204. It is clear from precedent that Plaintiffs' request to amend the Final Pretrial Order is consistent with the cases where the Tenth Circuit, and lower courts within the Tenth Circuit, have found that manifest injustice would result absent amendment.

    2.2 **Under the *Koch* factors, Plaintiffs have satisfied their burden.**

Even when examining each *Koch* factor (which this Court is not required to do), it is clear that they weigh in favor of amendment. The Tenth Circuit has explained that, when reviewing a decision by the district court to deny a request to amend the pretrial order, it will consider: (1) the extent of prejudice or surprise to the nonmoving party if the amendment were permitted; (2) the ability of that party to cure any prejudice; (3) disruption to the litigation by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order. *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222, n.10 (10th Cir. 2000) (noting that the factors are only applied by the Tenth Circuit to assess an abuse of discretion and that a district court is not required to consider each factor). Each of these factors weighs in favor of allowing Plaintiffs to amend the Final Pretrial Order.

        2.2(a) <u>There will be little surprise, or prejudice, to Denver should Plaintiffs be permitted to amend.</u>

Denver itself caused the recent sweep of Plaintiffs' property that occurred on July 9,

2018. It should not be surprised by the actions of its own employees, which were undertaken pursuant to Denver's customs, policies, and practices. There is no surprise that this incident occurred or that it would be included in this lawsuit.

Further, "the timing of the motion in relation to the commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise." *Palace Expl. Co.*, 316 F.3d at 1117. The trial in this matter is over eight months away. This factor weighs in favor of amendment.

        2.2(b) <u>Any prejudice to Denver can be cured.</u>

"With respect to the second factor—whether the prejudice can be cured—this factor is contingent, in part, on whether there is a need to re-open discovery." *Scavetta v. King Soopers, Inc.*, Civil Action No. 10-cv-02986-WJM-KLM, 2013 U.S. Dist. LEXIS 83307, at *7 (D. Colo. June 13, 2013). In this case, discovery is still open. The parties are currently working to set depositions in the beginning of September. And, Denver likely does not even need to undergo any discovery regarding the July 9, 2018 sweep. They are in possession of the video (which was disclosed to them). Their employees are the ones who perpetrated the sweep, and they can interview them freely outside of a deposition. Plaintiffs would not oppose Denver amending its witness and exhibit lists to include evidence relating to the July 9, 2018, sweep, and have told Denver as much during the conferral process. Any prejudice to Denver can certainly be cured.

        2.2(c) <u>Amendment will not disrupt the litigation by including a new issue.</u>

Plaintiffs do not include any new issue in their amendment. Rather, they wish to include further evidence proving an issue: that Denver has a custom, policy, and practice of seizing, and destroying, Plaintiff Class Members' property without due process of law in violation of their constitutional rights. Moreover, the Tenth Circuit has analyzed the third *Koch* factor as regarding

disruption of an ongoing trial, not merely disruption of the current schedule. *Davey*, 301 F.3d at 1211-1212. In this case, there is no disruption of an ongoing trial. In fact, there are almost nine months until the trial in this matter. This factor weighs in favor of allowing amendment.

          2.2(d) <u>The amendment is not sought in bad faith.</u>

Plaintiffs, and their counsel, could not have anticipated that Denver would conduct a sweep on July 9, 2018, in which a number of Denver employees discard multiple Plaintiff Class Members' belongings in broad daylight. Plaintiffs do not seek to amend the Final Pretrial Order in bad faith, or as a hide-the-ball tactic; they genuinely had no way of knowing prior to the entry of the Final Pretrial Order about the sweep that was to occur on July 9, 2018.

Because every *Koch* factor weighs in favor of amendment, and Plaintiffs would suffer manifest injustice absent amendment, Plaintiffs ask that this Court allow Plaintiffs to amend the Final Pretrial Order to list Guillermo Roques Escolar as witness and the video he filmed of the July 9, 2018 sweep as an exhibit, and to allow Plaintiffs to present his testimony at trial.

3. **Conferral Pursuant to D.C.Colo.LCivR. 7.1**

Andy McNulty, counsel for Plaintiffs, certifies that he conferred with counsel for Defendant, Geoffrey Klingsporn, via email on September 4, 2018. Defendant opposes the relief sought herein.

4. **Conclusion**

Plaintiffs respectfully request that this Court allow them to amend the Final Pretrial Order to include the new evidence relating to the July 9, 2018 sweep.

Respectfully submitted this 11th day of September 2018.

                                      Jason Flores-Williams, Esq.
                                      1851 Bassett St., #509
                                      Denver, Colorado 80202
                                      Phone: 303-514-4524

Email: Jfw@jfwlaw.net

KILLMER, LANE & NEWMAN, LLP

*/s/ Andy McNulty*
David A. Lane
Andy McNulty
1543 Champa Street, Suite 400
Denver, Colorado 80202
(303) 571-1000
(303) 571-1001 Facsimile
dlane@kln-law.com
amcnulty@kln-law.com

*Attorneys for Plaintiff Class*

8

**CERTIFICATE OF SERVICE**

   I certify that on this 11th day of September 2018 I filed a true and correct copy of this **MOTION TO AMEND THE FINAL PRETRIAL ORDER** via CM/ECF which will generate notice to the following via e-mail:

Wendy J. Shea
Conor D. Farley
Geoffrey C. Klingsporn
Cristina Peña Helm
Denver City Attorney's Office
Litigation Section
201 W. Colfax Ave.
Denver, CO 80203
wendy.shea@denvergov.org
conor.farley@denvergov.org
geoffrey.klingsporn@denvergov.org
cristina.helm@denvergov.org

             *s/ Charlotte Bocquin Scull*
             Paralegal