## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-2155-WJM-CBS

RAYMOND LYALL, et al.,

      Plaintiffs,

v.

CITY AND COUNTY OF DENVER,

Defendant.

---

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
## TO AMEND THE FINAL PRETRIAL ORDER

---

Pursuant to this Court's Order (Doc. #188), Defendant City and County of Denver submits the following Response to Plaintiffs' Motion to Amend the Final Pretrial Order (Doc. #187).

### INTRODUCTION

Over Denver's consistent objections, Plaintiffs have repeatedly added and removed dates from the roster of incidents allegedly supporting their claims in this case. [*See* Doc. #137, pp. 7-10 & Doc. #138, p. 11 n.4 (objecting to new dates asserted at summary judgment); Doc. #175, p. 5 (objecting to new dates asserted in Final Pretrial Order); Doc. #177, p. 3 (objecting during hearing); Doc #179 (at Court's direction, moving for order on dates at issue).] Plaintiffs now seek to amend the Final Pretrial Order to add still another date: July 9, 2018. Because no "sweep" took place on that date, and because Plaintiffs cannot meet their burden to show manifest injustice sufficient to overcome the prejudice to Denver, the motion to amend should be denied.

## ARGUMENT

**I.    No "Sweep" Occurred on July 9, 2018.**

Plaintiffs ground their motion on the allegation that "Denver conducted [a] sweep, which violated Plaintiff Class Member's [*sic*] constitutional rights, on July 9, 2018," specifically that "ten or more Denver officials trashed, on video, an entire shopping cart full of one of Plaintiff Class Members' [*sic*] belongings." [Doc. #187, p. 1.] Plaintiffs maintain that amendment is required so that they may present "the videographer who witnessed the sweep, and his video … at trial to prove Denver's ongoing custom, policy, and practice of violating Plaintiffs' constitutional rights." *Id.* at 2. Plaintiffs' arguments fail at the threshold, both factually and legally. The video does not depict what Plaintiffs claim; and this Court has already determined that what the video does depict—a regularly-scheduled sidewalk cleaning in the Triangle Park area—is not a "sweep" for purposes of this lawsuit.

Plaintiffs assert that "[t]he July 9, 2018 sweep was conducted by 10 or more Denver officials." *Id.* at 4. But this assertion finds little support in the video, which depicts only a single garbage truck, a six-person Denver Public Works crew, and one police officer. In the closing seconds of the video, a sidewalk cleaning vehicle can be seen in operation. The video does not depict the type of "mass sweep" which Plaintiffs challenge in this lawsuit. Instead, as Denver explained to Plaintiffs (and the public) at the time,[1] it shows a regularly-scheduled cleaning of the sidewalks in the Triangle Park area, near the Denver Rescue Mission and Samaritan House.

Plaintiffs argue that "this incident falls squarely within Plaintiffs' theory of the case," but

---

[1] *See* Chris Walker, "Did the City Violate Its Policy by Trashing Belongings of Homeless, As Seen in New Video?" *Westword* (July 10, 2018), available at https://perma.cc/97LP-VBDV.

that is incorrect. As they did on summary judgment, Plaintiffs here disregard their own Amended Complaint and the class definition approved by the Court. That definition, this Court said, represented "a very specific narrowing of the lawsuit to focus on Denver's alleged large-scale efforts to break up homeless camps, to the exclusion of 'innumerable' smaller-scale alleged violations." [Doc. #167, p. 6.] Accordingly, the Court held in its summary-judgment order that evidence of "regular sidewalk cleanings at Samaritan House" are not relevant to Plaintiffs' class-wide claims, because such regular cleanings are not "remotely probative of whether mass sweeps take place." *Id.* at 32.

The video proffered by Plaintiffs does not depict "ten or more employees or agents." It does not depict "an encampment of multiple homeless persons," much less efforts "to clear away" such an encampment "by immediately seizing and discarding the property found there." The video is not probative of Plaintiffs' class-wide claims or the specific unconstitutional policy they allege against Denver.[2] It thus provides no basis for amendment of the pretrial order.

## II.   Plaintiffs Cannot Show Manifest Injustice

In addition, amendment to the Final Pretrial Order is improper because any benefit to Plaintiffs is outweighed by the burden on Denver and the disruption to trial preparations. *See Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993) ("if modification

---

[2] Plaintiffs assert that they "wish to introduce this probative evidence at trial … to prove Denver's ongoing custom, policy, and practice of violating Plaintiffs' constitutional rights." [Doc. #187, p. 2.] This overbroad definition of the policy at issue is precisely the error that the Court identified in its summary-judgment order: "according to Plaintiffs, the unconstitutional policy now at issue is Denver's alleged *de facto* custom of generally disregarding homeless persons' property rights… This is, of course, wrong on all counts." [Doc. #167, p. 4.] Denver submits that this continuing error, and Plaintiffs' resulting overbroad conception of what actions qualify as "sweeps," is one root cause of Plaintiffs' continually-shifting assertions of which dates and incidents are at issue in this case. [*See* Docs. #179, 186.]

[of the pretrial order] would place a great burden on the opposing party, then it may not be allowed."). Plaintiffs concede that it is their burden to demonstrate manifest injustice under the factors set forth in *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000): (1) the prejudice and surprise to the opposing party; (2) the ability to cure the prejudice; (3) the extent to which amendment would disrupt the trial; and (4) bad faith or willfulness. [Doc. #179, pp. 8-9, 14, *citing Koch*, 203 F.3d at 1222 & *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002); Doc. #187, p.5.] But while they insist that "[a]bsent amendment to allow Plaintiffs to present evidence of this sweep at trial, Plaintiffs will suffer manifest injustice," they never state precisely why, nor what injustice would result. [Doc. #187, p. 2.]

Plaintiffs aver only that "they wish to include further evidence proving an issue: that Denver has a custom, policy, and practice of seizing, and destroying, Plaintiff Class Members' property without due process of law in violation of their constitutional rights." *Id.* at 6. The Court has already determined that "there is abundant evidence, viewed in the light most favorable to Plaintiffs," that mass sweeps took place, and that at least some of the allegations of unconstitutional conduct "are amply supported in the record when viewed in the light most favorable to Plaintiffs" [Doc. #167, p. 33.] Plaintiffs new evidence—even when viewed in the most favorable light—is thus merely cumulative. Plaintiffs admit as much, by emphasizing that they "do not include any new issue in their amendment." [Doc. #187, p. 6.] It is unstated by Plaintiffs and unclear to Denver what injustice might result if Plaintiffs are not allowed to present the new video at trial: in short, there is little benefit to counterbalance the prejudice and disruption that would follow.

Most seriously, that prejudice includes a re-opening of discovery, and likely another round of summary judgment briefing.[3] To date, Plaintiffs have provided Denver with only the edited video clip publicly posted on the internet, and a barebones disclosure naming the "videographer." Despite specific requests that would apply to this new evidence, Plaintiffs have not supplemented their discovery responses with any additional information.[4] Denver would at the very least require a deposition of the new witness, and in turn require Plaintiffs' supplemental discovery responses to properly depose him. As Plaintiffs already concede, Denver would also be required to devote time and resources to investigation, including interviews of its own employees (Doc. #187, p. 6); Denver would also be obligated to supplement its own discovery responses with the resulting information, which would likely draw requests from Plaintiffs to depose the witnesses disclosed

---

[3] This would be the third re-opening of discovery, each one caused by Plaintiffs' untimely disclosures. [*See* Doc. #112; Doc. #177.]

[4] The text of the relevant requests for production are:

> RFP #2: "Any and all written or recorded statements taken by you or on your behalf from any person claiming to have knowledge of the facts relevant to any of the allegations or claims set forth in your Amended Complaint (or any subsequent amendments thereto)."
>
> RFP #5: "Any and all documents, including, but not limited to, e-mails, text messages, social media or other electronic posts, notes, statements, summaries, diaries, memoranda, transcripts, recordings (audio and video) and/or other writings created by you or anyone acting on your behalf relating to, concerning, or evidencing the circumstances and factual allegations made in your Amended Complaint (or any subsequent amendments thereto), including but not limited to, all correspondence between you and any other person (excluding your attorneys). NOTE: This request is not seeking any information which is subject to attorney-client and/or work product privileges."
>
> RFP #8: "All written communications between you and/or your representatives, including but not limited to your attorney(s) and Denver Homeless Out Loud."
>
> (Denver notes that the internet video is watermarked with the DHOL logo and is posted on the YouTube "channel" of Get Loud magazine, a DHOL publication.)

by Denver. If, as Denver already expects, the events of July 9 do not qualify as a "sweep" as defined in this case, then Denver would need to move for summary judgment on that issue prior to trial. The near-inevitable result would be a delay in the trial currently set for March 18, 2019.[5] Even if—especially if—the trial is not delayed, then the additional time and expense diverted to discovery and investigation of this new date will greatly prejudice Denver's ability to adequately prepare its defense against the rest of Plaintiffs' evidence and claims.

The cases cited by Plaintiffs only emphasize this point: while approving amendment, in each case the court contemplated reopening discovery, continuing the trial, or both. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011) ("the single most important fact about the posture of Rimbert's motion for a new scheduling order is that, at the time it was made, there was no longer any impending trial date"); *Palace Exploration Co. v. Petroleum Dev. Co.*, 316 F.3d 1110, 1118 (10th Cir. 2003) (Defendant "could have moved for a continuance"); *Rush v. Speedway Buick Pontiac GMC, Inc.*, 525 F.Supp.2d 1265, 1280 (D. Kan. 2007) (inviting opposing party "to seek leave to conduct a round of expedited discovery").

In sum, Plaintiffs' proposed amendment would substantially burden Denver and threaten the trial schedule, with very little countervailing benefit to Plaintiffs or to the full and fair litigation of their claims.

## CONCLUSION

For all these reasons and the reasons set forth in its Motion for Order Regarding Dates and Incidents at Issue for Trial (Docs. #179, 186), Denver respectfully requests that the Court deny

---

[5] While Plaintiffs repeatedly maintain that "there are almost nine months until the trial in this matter," (*see* Doc. #187, pp. 3, 6, 7), their arithmetic is flawed. March 2019 is six months away.

Plaintiffs' Motion to Amend the Final Pretrial Order.

DATED this 18th day of September 2018.

        *s/Geoffrey C. Klingsporn*
        Wendy J. Shea, Assistant City Attorney
        Geoffrey C. Klingsporn, Assistant City Attorney
        Conor D. Farley, Assistant City Attorney
        Denver City Attorney's Office; Civil Litigation Section
        201 W. Colfax Ave., Dept. 1108
        Denver, Colorado 80202
        Telephone: (720) 913-3100
        Facsimile: (720) 913-3190
        wendy.shea@denvergov.org
        geoffrey.klingsporn@denvergov.org
        conor.farley@denvergov.org

## CERTIFICATE OF SERVICE

I certify that on this 18th day of September 2018, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND THE FINAL PRETRIAL ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jason Flores-Williams, Esq.
jfw@jfwlaw.net

Andrew McNulty, Esq.
amcnulty@kln-law.com

David Lane. Esq.
dlane@kln-law.com

*s/ Darcy K. Montgomery*
Denver City Attorney's Office